GINGER YORK WHITAKER, Administratrix of the Estate of Jonathan Wesley Whitaker, Plaintiff v. JIM CLARK, KAREN SMITH and JUDI CASTERLINE, Defendants

No. 9222SC68

(Filed 16 March 1993)

1. **Appeal and Error § 103 (NCI4th)— action against State— governmental immunity—denial of judgment on pleadings— immediate appeal**

    An immediate appeal will lie from the trial court's refusal to grant a judgment on the pleadings for the State on the ground of governmental immunity.

    **Am Jur 2d, Appeal and Error § 103.**

2. **Public Officers § 9 (NCI3d); State § 4.2 (NCI3d)— action against social workers—official capacities—governmental immunity**

    Defendants, employees of the Davie County DSS, were entitled to judgment on the pleadings on the ground of governmental immunity in plaintiff's action for the wrongful death of her son where plaintiff failed to designate in the caption of her complaint whether defendants were being sued in their official or individual capacities; the complaint used the phrases "in the performance of their official duties" and "in their official capacity" and contained allegations pertaining only to

defendants' actions or inactions in their official capacities with DSS; the complaint thus failed to state a claim against defendants individually; and plaintiff failed to allege a waiver of governmental immunity by the purchase of insurance.

**Am Jur 2d, Municipal, County, School, and State Tort Liability §§ 85, 86, 149, 663, 664, 672.**

**Liability or indemnity insurance carried by governmental unit as affecting immunity from tort liability. 68 ALR2d 1437.**

Appeal by defendants from order entered 3 December 1991 by Judge William H. Helms in Davie County Superior Court. Heard in the Court of Appeals 4 January 1993.

*Hall, Vogler & Fleming, by E. Edward Vogler, Jr., and Beverly S. Murphy, for plaintiff appellee.*

*Womble Carlyle Sandridge & Rice, by Allan R. Gitter, Thomas M. Van Camp, and J. Daniel McNatt, for defendant appellants.*

COZORT, Judge.

Plaintiff filed a wrongful death action against defendants to recover damages for the death of her son. Defendants are employees of the Davie County Department of Social Services (DSS). In their answer defendants asserted the defense of governmental immunity. Defendants then filed a motion for judgment on the pleadings, which was denied by the trial court. Defendants appeal. We find the plaintiff's complaint contained allegations pertaining only to the defendants' actions or inactions in their official capacities with DSS and that defendants were entitled to judgment based on governmental immunity. We reverse.

Plaintiff Ginger York Whitaker filed a complaint against Jim Clark, Karen Smith, and Judi Casterline to recover for the wrongful death of her son, Jonathan Whitaker. Defendants were employed by the DSS when Jonathan's death occurred. Plaintiff claims that defendants' negligent failure to investigate claims of child abuse and neglect, coupled with their failure to remove her son from the custody of his abusive father, Bruce Whitaker, caused her son's death. In the complaint, plaintiff alleged that she repeatedly contacted the defendants and reported incidents of her estranged husband's drunkenness. Mr. Whitaker had custody of Jonathan. On 2 April 1991, Mr. Whitaker was involved in an automobile accident

while driving under the influence of alcohol. Both he and Jonathan died as a result of the accident.

Defendants filed a motion for judgment on the pleadings on 1 November 1991. On 26 November 1991, plaintiff voluntarily dismissed her claim pursuant to N.C. Gen. Stat. § 1A-1, Rule 41(a) against defendant Jim Clark; Ms. Smith and Ms. Casterline remained as defendants. On 3 December 1991, the trial court entered an order denying the defendants' motion for judgment on the pleadings. On appeal, defendants contend the trial court erred in denying defendants' motion on the pleadings.

[1] Rule 12(c) of the North Carolina Rules of Civil Procedure permits any party to move for judgment on the pleadings after the pleadings are closed but within such time as not to delay the trial. N.C. Gen. Stat. § 1A-1, Rule 12(c) (1990). Judgment on the pleadings is not favored by the law and the pleadings must be liberally construed in the light most favorable to the nonmoving parties. *DeTorre v. Shell Oil Co.*, 84 N.C. App. 501, 504, 353 S.E.2d 269, 271 (1987). The movant under section (c) must show, even when viewing the facts and permissible inferences in the light most favorable to the nonmoving party, that he is clearly entitled to judgment as a matter of law. *Id.* Although normally an appeal does not lie from the denial of a motion for judgment on the pleadings, *Barrier v. Randolph*, 260 N.C. 741, 743, 133 S.E.2d 655, 657 (1963), an immediate appeal will lie under subsection (c), as well as subsection (b), where the trial court refuses to grant a judgment on the pleadings for the state on the grounds of governmental immunity. *See, i.e., Huyck Corp. v. C.C. Mangum, Inc.*, 58 N.C. App. 532, 293 S.E.2d 846 (1982).

[2] Defendants claim they deserved a judgment on the pleadings because even taken in the light most favorable to the plaintiff, her complaint indicates she sued the defendants in their official capacities and not individually. Services provided by local Departments of Social Services are governmental functions to which governmental immunity applies. *Hare v. Butler*, 99 N.C. App. 693, 698, 394 S.E.2d 231, 235, *disc. review denied*, 327 N.C. 634, 399 S.E.2d 121 (1990). *See also, Coleman v. Cooper*, 102 N.C. App. 650, 403 S.E.2d 577, *disc. review denied*, 329 N.C. 786, 408 S.E.2d 517 (1991). It is also well-settled that when an action is brought against individual officers in their official capacities the action is one against the state for the purposes of applying the doctrine of sovereign

immunity. *Corum v. University of North Carolina*, 97 N.C. App. 527, 389 S.E.2d 596 (1990), *aff'd in part, rev'd in part, and remanded*, 330 N.C. 761, 413 S.E.2d 276 (1992). In consequence, if plaintiff's complaint demonstrates that she has sued the defendants only in an official capacity, rather than as individuals, defendants would be potentially shielded from plaintiff's cause of action by governmental immunity.

At the outset, an examination of plaintiff's complaint reveals a failure to designate in what capacity defendants are being sued. As for substance, the body of the complaint includes the following:

> 4. That Defendants are employees of the Davie County Department of Social Services and, as a result, may be subjected to liability *in the performance of their official duties*.
>
> * * * *
>
> 7. That the decedent, Bruce Earl Whitaker, Sr. neglected and abused the decedent, Jonathan Wesley Whitaker on many occasions before April 2, 1991. That said neglect and abuse consisted of Bruce Earl Whitaker, Sr. creating or being allowed to create a substantial risk of physical injury to the decedent Jonathan Wesley Whitaker by other than accidental means which would likely cause death, disfigurement or impairment of bodily organs by driving while under the influence of impairing substances on many occasions while the decedent Jonathan Wesley Whitaker was present in the same automobile and therefore allowing the said Jonathan Wesley Whitaker to be in an environment injurious to his welfare; and further by supervising the decedent, Jonathan Wesley Whitaker while said Bruce Earl Whitaker, Sr. was in a state of intoxication.
>
> 8. That Plaintiff repeatedly contacted the Defendants, *in their official capacity*, and reported incidents of drunkeness [sic] of Bruce E. Whitaker, Sr. and his abusive and neglectful conduct toward his son, Jonathan Wesley Whitaker.
>
> * * * *
>
> 11. That the Defendant's [sic] were negligent in their failure to adequately investigate Plaintiff's reports and respond to the abuses and neglect by Bruce E. Whitaker, Sr. of Jonathan Wesley Whitaker; and as a result of the Defendant's [sic]

negligent failure to properly investigate, Jonathan Wesley Whitaker continued to reside with Bruce Earl Whitaker, Sr.

12. That Plaintiff's intestate would not have been with Bruce E. Whitaker, Sr. on the night of April 2, 1991, at the time of the accident, but for the Defendant's [sic] negligent failure to investigate Plaintiff's reports.

* * * *

14. That, this action is filed pursuant to the Wrongful Death Statute of North Carolina, N.C.G.S. §§ 28A-18-1 and 2 and other applicable statutes of North Carolina in effect on the date of intestate's death, and pursuant to relevant North Carolina case law. (Coleman v. Cooper, 1991 Lawyer's Weekly No. N A 0668-12)

(Emphasis added.) Nowhere in the complaint does plaintiff specify that she has sued defendants in both their individual and official capacities. As a general practice, plaintiffs designate in the caption of the complaint whether the defendants have been sued in their "official" or "individual" capacity.

Since the plaintiff has made no such distinction in the present case, we must examine the text of the complaint to determine whether the defendants were sued individually or solely as officials. *See Lynn v. Clark*, 254 N.C. 460, 119 S.E.2d 187 (1961). The complaint never employs the words "individual" or "individual capacity"; however, the phrases "in the performance of their official duties," and "in their official capacity" are used. Furthermore, the overall tenor of the complaint indicates that plaintiff's allegations are centered solely on the defendants' official duties as employees of the DSS. Plaintiff has failed to advance any allegations against defendants other than those relating to their official duties as employees of the DSS. In *Stancill v. City of Washington*, 29 N.C. App. 707, 225 S.E.2d 834 (1976), this Court upheld the trial court's dismissal of a complaint in which the defendant was sued in an "individual" capacity, but the language of the complaint revealed only allegations based on an "official" capacity. The analysis used in *Stancill* is instructive in the present case. Plaintiff urges us to find that she has sued defendants as individuals, yet after careful review of the complaint, we find that she has asserted claims against defendants in an official capacity alone. Absent any allegations in the complaint separate and apart from official duties which would

hold a nonofficial liable for negligence, the complaint cannot be found to sufficiently state a claim against defendants individually.

As noted, if defendants are found to have been sued only in an official capacity, the doctrine of sovereign immunity would be applicable. Plaintiff admits to having failed to allege a waiver of sovereign immunity by the purchase of insurance. As required by law, if the plaintiff fails to allege a waiver of immunity by the purchase of insurance, the plaintiff has failed to state a claim against a governmental unit or employee. *See Fields v. Durham City Bd. of Educ.*, 251 N.C. 699, 701, 111 S.E.2d 910, 912 (1960). Accordingly, the defendants were entitled to a judgment on the pleadings as a matter of law, and the trial court erred in denying their motion.

The trial court's order denying defendants' motion is reversed and the matter is remanded for entry of judgment for defendants.

Reversed and remanded.

Judges WELLS and LEWIS concur.