JEROME DICKENS, PLAINTIFF v. J. O. THORNE AND THE COUNTY OF EDGECOMBE, DEFENDANTS

No. 917SC920

(Filed 4 May 1993)

1. **Appeal and Error § 118 (NCI4th)— sovereign immunity— denial of summary judgment—immediate appeal**

The denial of a motion for summary judgment on the ground of sovereign immunity is immediately appealable.

**Am Jur 2d, Appeal and Error § 104.**

2. **State § 4 (NCI3d)— action against county—libel and willful statutory violation—liability insurance—exclusion from coverage—no waiver of sovereign immunity**

Defendant county did not waive its sovereign immunity by the purchase of liability insurance where plaintiff alleged that defendant county commissioner made untrue statements about plaintiff's resignation from his county job to a newspaper reporter who wrote a libelous article based on these statements, and that the commissioner's actions constituted a willful violation of N.C.G.S. § 153A-98 and the county personnel ordinance, since the county's liability policy specifically excluded coverage for claims arising from defamation and claims arising from the willful violation of a statute or ordinance by covered persons.

**Am Jur 2d, Municipal, County, School, and State Tort Liability §§ 5-41, 177, 178.**

**Liability or indemnity insurance carried by governmental unit as affecting immunity from tort liability. 68 ALR2d 1437.**

3. **State § 4.1 (NCI3d)— county commissioner—malicious actions— official capacity—sovereign immunity**

Plaintiff's allegations of malicious actions by defendant county commissioner did not preclude entry of summary judgment in favor of defendant commissioner on the ground of sovereign immunity since a public official is liable for malicious acts only when sued in his "individual" capacity; the caption of the complaint failed to designate in what capacity defendant commissioner was being sued; and the allegations of the complaint and plaintiff's brief show that defendant commissioner was being sued only in his official capacity.

**Am Jur 2d, Municipal, County, School, and State Tort Liability §§ 5-41, 177, 178.**

4. **State § 4.1 (NCI3d)— action for defamation—employment contract—no waiver of sovereign immunity**

Defendant county did not waive its sovereign immunity by entering into an employment contract with plaintiff where plaintiff is suing the county for defamation and not for breach of the contract.

**Am Jur 2d, Municipal, County, School, and State Tort Liability §§ 5-41, 177, 178.**

DICKENS v. THORNE

[110 N.C. App. 39 (1993)]

**Application of libel and slander exception to waiver of sovereign immunity under Federal Tort Claims Act (28 U.S.C.S. § 2680(h) ). 79 ALR Fed 826.**

Appeal by defendants from order entered 13 May 1991 in open court and signed on 30 June 1991 by Judge James R. Strickland in Edgecombe County Superior Court. Heard in the Court of Appeals 23 September 1992.

On 17 December 1990, plaintiff Jerome Dickens ("Dickens") filed a libel action against J.O. Thorne ("Thorne") and the County of Edgecombe (the "County") seeking compensatory and punitive damages. The complaint alleges that Thorne communicated libelous statements concerning Dickens in violation of N.C. Gen. Stat. § 153A-98 and Art. 9, § 3 of the Personnel Ordinance for the County. Thorne is a member of the Board of Commissioners of the County (the "Board"), and Dickens alleges the County is liable for defendant's statements based on a *respondeat superior* theory.

On 17 January 1991, Thorne and the County filed an answer to the complaint denying these allegations and asserting the defense of governmental immunity. On 1 February 1991, Thorne and the County filed a motion for summary judgment pursuant to Rule 56 of the North Carolina Rules of Civil Procedure. On 13 May 1991, Judge James R. Strickland denied this motion in open court, and on 30 June 1991, he signed the order to that effect. From the order denying their motion for summary judgment, Thorne and the County appeal. For the reasons stated below, we reverse the order of the trial court and grant summary judgment for defendants.

*Baker, Jenkins & Jones, P.A., by R. B. Daly, Jr. and Roger A. Askew, for plaintiff-appellee.*

*Womble Carlyle Sandridge & Rice, by James R. Morgan, Jr.; and Taylor & Brinson, by Herbert H. Taylor, Jr., for defendant-appellants.*

ORR, Judge.

Prior to this action, Dickens was an employee of the County. In his complaint, Dickens alleges Thorne made untrue statements and divulged confidential information that had been discussed at a Board meeting about Dickens' resignation from his job with the County to a local reporter from The Daily Southerner. Dickens

alleges the reporter published a libelous article about him based on these statements. The defendants make two assignments of error in support of their contention that they are entitled to summary judgment in this action based on their defense of governmental immunity. Before we can address the defendants' assignments of error, we must first address the threshold question of whether an appeal lies from the order of the trial judge denying their motion for summary judgment.

I.

[1] N.C. Gen. Stat. § 1-277 "in effect, provides that no appeal lies to an appellate court from an interlocutory order or ruling of the trial judge unless such ruling or order deprives the appellant of a *substantial right* which he would lose if the ruling or order is not reviewed before final judgment." *Pruitt v. Williams*, 288 N.C. 368, 371, 218 S.E.2d 348, 350 (1975) (citations omitted). Generally, orders denying motions for summary judgment do not affect a substantial right and are not appealable. *Hill v. Smith*, 38 N.C. App. 625, 626, 248 S.E.2d 455, 456 (1978). The denial of a summary judgment motion " 'on the grounds of sovereign and qualified immunity,' " however, " 'is immediately appealable.' " *Herndon v. Barrett*, 101 N.C. App. 636, 639, 400 S.E.2d 767, 769 (1991) (citation omitted).

In the case *sub judice*, Thorne and the County are appealing the trial court's denial of their motion for summary judgment, claiming they are entitled to immunity in this case under the doctrine of governmental immunity. The order denying this motion is, therefore, immediately appealable.

II.

We now turn to defendants' first assignment of error, that the trial court erred by denying their motion for summary judgment on the ground that there is no genuine issue of material fact that the defendants are shielded from liability by governmental immunity.

Summary judgment is the device whereby judgment is rendered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C.R. Civ. P. 56(c). "Thus a defending party is entitled to summary judgment

DICKENS v. THORNE

[110 N.C. App. 39 (1993)]

if he can show that claimant cannot prove the existence of an essential element of his claim, . . . or cannot surmount an affirmative defense which would bar the claim." *Dickens v. Puryear*, 302 N.C. 437, 453, 276 S.E.2d 325, 335 (1981) (citation omitted). "In ruling on a motion for summary judgment the evidence is viewed in the light most favorable to the non-moving party." *Hinson v. Hinson*, 80 N.C. App. 561, 563, 343 S.E.2d 266, 268 (1986).

[2]  Dickens does not dispute that Thorne and the County would be entitled to summary judgment under the doctrine of governmental immunity. Instead, Dickens argues the County has waived its governmental immunity by purchasing liability insurance which covers this action and that Thorne has waived his immunity as a public official by acting maliciously.

N.C. Gen. Stat. § 153A-435(a) states:

A county may contract to insure itself and any of its officers, agents, or employees against liability for wrongful death or negligent or intentional damage to person or property or against absolute liability for damage to person or property caused by an act or omission of the county or of any of its officers, agents, or employees when acting within the scope of their authority and the course of their employment. . . .

Purchase of insurance pursuant to this subsection waives the county's governmental immunity, to the extent of insurance coverage, for any act or omission occurring in the exercise of a governmental function. . . .

Thus, a municipality may waive its governmental immunity for civil liability in tort for negligent or intentional damage by purchasing liability insurance, but only to the extent of the insurance coverage. *Edwards v. Akion*, 52 N.C. App. 688, 691, 279 S.E.2d 894, 896, *aff'd*, 304 N.C. 585, 284 S.E.2d 518 (1981).

In the case *sub judice*, the County purchased a liability insurance policy (the "Policy"), Part I of which states:

Coverage B: All Public Officials/Employees, Except Law Enforcement Employees

The Fund will pay on behalf of the . . . Covered Person(s) all sums which the . . . Covered Person(s) shall become legally obligated to pay as money damages because of any civil claim or claims made against the . . . Covered Person(s)

arising out of any Wrongful Act of any Covered Person(s) acting in their capacity as an Employee of the Participant named in the Declarations and caused by the Covered Person(s) while acting in their regular course of duty.

Under the Policy, the term "Covered Persons" includes "Members of commissions, boards or other units operating by and under the jurisdiction of such PUBLIC ENTITY. . . ." A "Wrongful Act" is defined as "any actual or alleged error or misstatement or misleading statement or act or omission or neglect or breach of duty . . . by an employee while acting within the scope of his professional duties or Fund approved activities." Dickens contends these terms cover the action in this case. Exclusionary clauses contained in the Policy, however, apply to deny coverage of this action.

The Policy excludes claims for any injury arising from "defamation including but not limited to libel" and for claims "arising from the willful violation of any statute, ordinance or regulation committed by or with the knowledge or consent of any Covered Person(s)."

Dickens' complaint against the defendants is based on allegations that statements made by Thorne to a newspaper reporter constitute a "libel" and that "[t]he statements made by . . . Thorne . . . are in violation of law and particularly Article 9, Section 3 . . . of the Personnel Ordinance for the County . . . and of N.C.G.S. 153A-98." Additionally the complaint states, "said statements made by . . . Thorne, constitute a reckless indifference to the rights of others and are wanton and willful misconduct . . . ." The language of the Policy specifically excludes this action from coverage. Because the Policy excludes this action from coverage, the County has not waived its governmental immunity as to this action by purchasing the Policy. See, Overcash v. Statesville City Bd. of Educ., 83 N.C. App. 21, 23, 348 S.E.2d 524, 526 (1986) ("[W]aiver of immunity extends only to injuries which are specifically covered by the insurance policy.")

[3]　Next, Dickens argues that allegations of "malicious official behavior" against Thorne preclude summary judgment. Dickens relies on the rule stated in Smith v. Hefner, 235 N.C. 1, 7, 68 S.E.2d 783, 787 (1951) that,

a public official, engaged in the performance of governmental duties involving the exercise of judgment and discretion, may not be held personally liable for mere negligence in respect

DICKENS v. THORNE

[110 N.C. App. 39 (1993)]

thereto. The rule in such cases is that an official may not be held liable unless it be alleged and proved that his act, or failure to act, was corrupt or malicious (citations omitted), or that he acted outside of and beyond the scope of his duties. (Citations omitted.)

Dickens fails to note, however, that this rule applies to actions against a public official in his "individual" capacity, not to actions against a public official in his "official" capacity.

It is a well-settled rule that "when an action is brought against individual officers in their official capacities the action is one against the state for the purposes of applying the doctrine of sovereign immunity." *Whitaker v. Clark*, 427 S.E.2d 142, 143-44, 109 N.C. App. 379 (citing, *Corum v. University of North Carolina*, 97 N.C. App. 527, 389 S.E.2d 596 (1990), *aff'd in part, rev'd in part, and remanded*, 330 N.C. 761, 413 S.E.2d 276 (1992)).

In *Whitaker*, plaintiff filed a wrongful death action against employees of the Davie County Department of Social Services. The defendants asserted the defense of governmental immunity. Nowhere in the complaint did the plaintiff specify that she had sued defendants in both their individual and official capacities. The complaint never employed the words "individual" or "individual capacity," but it did use the phrases, "in the performance of their official duties," and "in their official capacity". Additionally, the overall tenor of the complaint indicated that the allegations were centered solely on the defendants' official duties as employees of the Department of Social Services. Subsequently, this Court held that defendants were being sued solely in their official capacities and that governmental immunity applied to shield these defendants from liability. Additionally, this Court stated, "if defendants are found to have been sued only in an official capacity, the doctrine of sovereign immunity would be applicable." *Whitaker*, at 145.

In the present case, because we have already held that the County is entitled to governmental immunity, Thorne is entitled to the same governmental immunity if we find that Dickens sued him only in his official capacity. *See, Whitaker, supra.; See also, Harwood v. Johnson*, 326 N.C. 231, 388 S.E.2d 439 (1990).

At the outset, an examination of the complaint reveals a failure of Dickens to designate in what capacity he is suing Thorne. Dickens at no time makes specific allegations against Thorne "individually."

He does not indicate in the caption of the complaint whether he is suing Thorne in his "official" or "individual" capacity, as is the general practice. *See, Whitaker, supra.*

Because Dickens has made no distinction as to what capacity he is suing Thorne, we must examine the complaint to determine whether Dickens is suing Thorne in his official or individual capacity. *Lynn v. Clark*, 254 N.C. 460, 119 S.E.2d 187 (1961). Nowhere in Dickens' complaint does he refer to Thorne "individually". He does, however, allege that "[a]t all times relevant to this action, . . . Thorne, was an officer and employee. of the . . . County . . ., and the . . . County . . . is responsible for the actions of its said officer and employee . . . ."

Further, the answer filed by defendants to Dickens' complaint recognizes the fact that Dickens is suing Thorne in his official capacity. *See, Lynn*, 254 N.C. at 462, 119 S.E.2d at 188 (considering defendant's answer as a factor to determine whether he was sued in his representative capacity). The answer states as defendants' fourth defense, "Governmental immunity is . . . applicable to the defendant County and the defendant Commissioner in his *official capacity*, and is pleaded in bar of any recovery." (Emphasis added.) Additionally, the answer states as defendants' fifth defense, "Punitive damages are not recoverable in this State against a County or its *public officials* in the absence of a statute authorizing same, . . . ." (Emphasis added.)

We also note that Dickens' brief is void of any arguments against Thorne in his "individual" capacity. In fact, when he refers to Thorne's liability in his brief, Dickens refers to "the liability of J.O. Thorne as a public official. . . ." Further, Dickens' argument in his brief for punitive damages in no way indicates that he is suing Thorne in an individual capacity. In this section, Dickens argues, "While no statute expressly provides for punitive damages against a *county*, the wanton, reckless and flagrant disregard of state law and its own internal personnel ordinances warrants the implication that *counties* should be held accountable by the imposition of actual and punitive damages where appropriate." (Emphasis added.) Dickens does not seek punitive damages from Thorne individually in this section of his brief.

Based on our review of the record and briefs, we find that Dickens is suing Thorne in his official capacity alone. Thus, this

DICKENS v. THORNE

[110 N.C. App. 39 (1993)]

action against Thorne in his official capacity cannot be maintained due to governmental immunity. *See, Whitaker, supra.*

**[4]**  Finally, Dickens argues that a genuine issue exists as to whether the County waived immunity by entering into a contract with Dickens and that, based on this argument, the denial of the defendants' summary judgment motion on the issue of immunity was proper. Dickens bases this argument, however, on an overly broad interpretation of the holding in *Smith v. State*, 289 N.C. 303, 222 S.E.2d 412 (1976). This argument is, therefore, without merit.

Dickens contends that our Supreme Court held in *Smith* that sovereign immunity would not be a defense when the state enters into a valid contract with another. The actual holding in *Smith*, however, is that "whenever the State of North Carolina, through its authorized officers and agencies, enters into a valid contract, the State implicitly consents to be sued for *damages on the contract in the event it breaches the contract." Id.* at 320, 222 S.E.2d at 423-24 (emphasis added).

The present case is not a suit for damages based on a breach of contract. Dickens even admits in his brief that "the record is void of any evidence on the contractual nature of the Appellee's employment. . . ." Dickens' argument is, therefore, without merit.

We hold, therefore, that the defendants did not waive their governmental immunity, and no genuine issue of material fact exists as to whether they are shielded from liability. Based on this holding, we need not address defendants' second assignment of error. We hold summary judgment was proper for defendants and accordingly reverse the order of the trial court denying defendants' motion for summary judgment.

Reversed and remanded for entry of summary judgment for the defendants.

Judges WELLS and GREENE concur.