JAMES QUENTIN TAYLOR, PLAINTIFF v. TERRY KENNETH ASHBURN, DEFENDANT

No. 9221SC1266

(Filed 16 November 1993)

**Municipal Corporations § 454 (NCI4th) — fireman sued in official capacity — complaint not specific**

Plaintiff's complaint, which alleged that defendant was operating a fire truck in the course and scope of his employment as a fireman for the City when the accident between plaintiff and defendant occurred, alleged a claim against defendant only in his official capacity and not in his individual capacity so that defendant shared in the City's governmental immunity.

**Am Jur 2d, Municipal, County, School, and State Tort Liability § 663.**

Appeal by defendant from order entered 29 October 1992 in Forsyth County Superior Court by Judge Judson D. DeRamus, Jr. Heard in the Court of Appeals 26 October 1993.

*Peebles & Schramm, by Todd M. Peebles, for plaintiff-appellee.*

*Womble Carlyle Sandridge & Rice, by Gusti W. Frankel and Dale E. Nimmo, for defendant-appellant.*

GREENE, Judge.

Terry Kenneth Ashburn (defendant) appeals from the trial court's denial of his motion for summary judgment on the grounds of sovereign immunity and public officers' immunity in James Quentin Taylor's (plaintiff) negligence action against him.

On 25 September 1989, plaintiff was driving a 1983 Audi automobile on Hawthorne Road in Winston-Salem, North Carolina. Around the same time, defendant, a fire engineer, was operating a fire truck owned by the City of Winston-Salem (the City) and was responding to a fire alarm at a high rise housing complex for the elderly. The fire truck driven by defendant had its emergency equipment—siren, flashing lights, and horn—in full operation. At the intersection of Hawthorne Road and Northwest Boulevard, plaintiff's automobile and defendant's fire truck collided.

On 21 January 1992, plaintiff filed a complaint against defendant, alleging that the accident occurring on 25 September 1989 resulted from defendant's negligent operation of the fire truck and caused plaintiff "substantial bodily injury, property loss, loss of income, and other incidental damages." Although plaintiff did not specify anywhere in his complaint whether he was suing defendant in his individual capacity or in his capacity as a fire engineer for the City, plaintiff alleged in paragraph 4 of his complaint that "[d]efendant was operating an emergency vehicle, to wit: a fire truck owned by the City of Winston-Salem and was operating said vehicle with the permission of the City of Winston-Salem in connection with his employment as a fireman and was in the course and scope of his employment and agency."

On 12 March 1992, defendant filed an answer, and on 9 April 1992, defendant filed an amended answer pleading the affirmative

defenses of governmental immunity for any claims resulting in damages up to and including $1,000,000, and of immunity from liability for acts committed in the course and scope of defendant's capacity as a public officer. In an affidavit, Bryce A. Stuart, City Manager of Winston-Salem since January 1980, testified that at the time of the accident between plaintiff and defendant, the City had not purchased liability insurance for tort damages up to $1,000,000, but did have in effect excess insurance coverage, subject to a $1,000,000 retention per accident. On 5 October 1992, defendant, based on his affirmative defenses, filed a motion for summary judgment which was denied by the trial court on 29 October 1992.

The issue presented by this appeal is whether plaintiff's complaint, which alleges that defendant was operating a fire truck in the course and scope of his employment as a fireman for the City when the accident between plaintiff and defendant occurred, constitutes suing defendant in his official capacity so that he shares in the City's governmental immunity.

Because the grounds for defendant's motion for summary judgment are governmental immunity and public officers' immunity, the denial of defendant's motion is immediately appealable. *Corum v. University of North Carolina*, 97 N.C. App. 527, 531, 389 S.E.2d 596, 598 (1990), *aff'd in part, rev'd in part, and remanded*, 330 N.C. 761, 413 S.E.2d 276, *reh'g denied*, 331 N.C. 558, 418 S.E.2d 664 (1992); *see Mitchell v. Forsyth*, 472 U.S. 511, 525-26, 86 L. Ed. 2d 411, 424-25 (1985) (denial of substantial claim of absolute immunity, which if successful entitles defendant to immunity from suit rather than mere defense to liability, appealable before final judgment).

To succeed in a summary judgment motion, the movant has the burden of showing, based on pleadings, depositions, answers, admissions, and affidavits, that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. N.C.G.S. § 1A-1, Rule 56(c) (1990); *Roumillat v. Simplistic Enterprises, Inc.*, 331 N.C. 57, 62-63, 414 S.E.2d 339, 341-42 (1992). Defendant may meet this burden by showing either (1) an essential element of the non-movant's claim is nonexistent, (2) the non-movant cannot produce evidence to support an essential element of his claim, or (3) the non-movant cannot surmount an affirmative defense which

would bar his claim. *Collingwood v. General Electric Real Estate Equities, Inc.*, 324 N.C. 63, 66, 376 S.E.2d 425, 427 (1989).

Under the doctrine of governmental immunity, a municipality is not liable for the torts of its officers and employees if the torts are committed while they are performing a governmental function, *Herndon v. Barrett*, 101 N.C. App. 636, 640, 400 S.E.2d 767, 769 (1991); *Wiggins v. City of Monroe*, 73 N.C. App. 44, 49, 326 S.E.2d 39, 43 (1985), which includes the organization and operation of a fire department. *Great American Ins. Co. v. Johnson*, 257 N.C. 367, 370, 126 S.E.2d 92, 94 (1962). Any city may, however, waive its immunity from civil tort liability by purchasing liability insurance. N.C.G.S. § 160A-485 (1987). The City purchased liability insurance for claims in excess of $1,000,000 and since July, 1988, has been self-insured through the City's Risk Acceptance Management Corporation for claims of $1,000,000 or less. The parties do not dispute and we therefore accept in this case that the City has not waived its governmental immunity for claims of $1,000,000 or less. *See Blackwelder v. City of Winston-Salem*, 332 N.C. 319, 321-22, 420 S.E.2d 432, 434-35 (1992) (self-funding claims program identical to the one in this case does not waive immunity for claims of $1,000,000 or less).

Now we address whether defendant shares the City's governmental immunity and is therefore immune from civil liability in this negligence action. Governmental immunity protects the governmental entity and its officers or employees sued in their "official capacity." *Whitaker v. Clark*, 109 N.C. App. 379, 382, 427 S.E.2d 142, 144, *disc. rev. denied and cert. denied*, 333 N.C. 795, 431 S.E.2d 31 (1993). Although a plaintiff generally designates in the caption of his or her complaint in what capacity a defendant is being sued, this caption is not determinative on whether or not a defendant is actually being sued in his or her individual or official capacity. *Stancill v. City of Washington*, 29 N.C. App. 707, 710, 225 S.E.2d 834, 836 (1976) (despite caption of case indicating defendant was only being sued in individual capacity, summary judgment for defendant was proper where examination of complaint and plaintiff's reply to motion for summary judgment showed no allegation of negligence other than with respect to defendant while serving in his official capacity). The court must inspect the text of the complaint as a whole to determine the true nature of the claim. *Lynn v. Clark*, 254 N.C. 460, 461-62, 119 S.E.2d 187, 188 (1961). If the plaintiff fails to advance any allegations in his or her complaint

other than those relating to a defendant's official duties, the complaint does not state a claim against a defendant in his or her individual capacity, and instead, is treated as a claim against defendant in his official capacity. *Whitaker*, 109 N.C. App. at 383-84, 427 S.E.2d at 145.

In this case, plaintiff's complaint does not mention the words "individual" or "individual capacity" or the words "official" or "official capacity." In paragraph 4 of his complaint, however, plaintiff alleges that "[d]efendant was operating . . . a fire truck owned by the City . . . with the permission of the City . . . in connection with his employment as a fireman and was in the course and scope of his employment and agency." The allegations in plaintiff's complaint concern only defendant's actions while performing his official duties as a fire engineer of driving a fire truck for the City and responding to an emergency call. After review of this language and the complaint as a whole, we hold that plaintiff has asserted a negligence claim against defendant in his official capacity alone, *see Whitaker*, 109 N.C. App. at 383, 427 S.E.2d at 144-45 (where complaint never used words "individual" or "individual capacity," used phrases, "in the performance of their official duties," and "in their official capacity," and overall tenor centered solely on defendants' official duties as employees of state agency, defendants were being sued solely in official capacity); *Dickens v. Thorne*, 110 N.C. App. 39, 46, 429 S.E.2d 176, 180-81 (1993) (allegation in complaint that at all times relevant to action, defendant was officer and employee of county which is responsible for defendant's actions shows defendant is being sued in official capacity alone); therefore, defendant shares in the City's governmental immunity. Furthermore, because we accept plaintiff's statement in his brief that the "City is immune from suit" since it "is without liability insurance for the damages in the complaint," as an admission that his claim does not exceed $1,000,000, we need not address whether or not defendant is similarly protected by the doctrine of public officers' immunity. Because defendant has met his burden of showing that plaintiff cannot surmount defendant's affirmative defense of governmental immunity which bars plaintiff's claim, the trial court erred in denying defendant's motion for summary judgment. We remand for entry of summary judgment for defendant.

Reversed and remanded.

Judges MARTIN and JOHN concur.