CLYDE E. DENEGAR, D/B/A QUALITY SANITATION SERVICE, PLAINTIFF-APPELLEE v. THE
CITY OF CHARLOTTE, A NORTH CAROLINA MUNICIPAL CORPORATION, DEFENDANT-
APPELLANT

No. 9326SC612

(Filed 7 June 1994)

### Eminent Domain § 231 (NCI4th)— taking pursuant to annexation—compensation not paid—actionable negligence—governmental immunity no defense

The defense of governmental immunity was not available to defendant city where plaintiff, who operated a solid waste collection service, alleged that the city negligently prevented plaintiff's receipt of just compensation for a taking of its property lost when the city annexed the area in which plaintiff did business. Therefore, the trial court's denial of defendant city's motion for summary judgment was not immediately appealable.

### Am Jur 2d, Eminent Domain § 397.

Appeal by defendant from order entered 11 March 1993 by Judge Forrest A. Ferrell in Mecklenburg County Superior Court. Heard in the Court of Appeals 21 March 1994.

*Wells and Porter, P.A., by Jameson P. Wells, for plaintiff-appellee.*

*Office of the City Attorney, by Deputy City Attorney H. Michael Boyd, for defendant-appellant.*

LEWIS, Judge.

Plaintiff operated a private solid waste collection firm in an area of Mecklenburg County until the area was annexed by defendant, the City of Charlotte, in February 1991. Plaintiff filed a complaint against defendant on 28 January 1992, alleging that defendant negligently failed to fully inform plaintiff of his statutory rights in connection with the annexation and that defendant improperly withheld just compensation and economic loss payments. Defendant now appeals from the trial court's denial of its motions for summary judgment, dismissal and judgment on the pleadings. Our disposition of this appeal renders a recitation of the facts unnecessary.

The denial of a motion for summary judgment is interlocutory and nonappealable unless a substantial right of one of the parties is

## DENEGAR v. CITY OF CHARLOTTE

[115 N.C. App. 166 (1994)]

involved. *Equitable Leasing Corp. v. Myers*, 46 N.C. App. 162, 265 S.E.2d 240, *appeal dismissed*, 301 N.C. 92 (1980). Defendant is asserting the defense of governmental immunity, and it is well settled that the question of governmental immunity affects a substantial right and therefore renders an interlocutory order immediately appealable. *Dickens v. Thorne*, 110 N.C. App. 39, 429 S.E.2d 176 (1993); *Whitaker v. Clark*, 109 N.C. App. 379, 427 S.E.2d 142, *disc. review denied and cert. denied*, 333 N.C. 795, 431 S.E.2d 31 (1993). According to defendant, annexation is a governmental function invoking the protection of governmental immunity. *Thrash v. City of Asheville*, 95 N.C. App. 457, 473-74, 383 S.E.2d 657, 666-67 (1989) (stating that annexation is a governmental function), *rev'd on other grounds*, 327 N.C. 251, 393 S.E.2d 842 (1990).

Plaintiff, on the other hand, argues that governmental immunity is not an available defense in this case, and that the appeal is interlocutory and subject to dismissal. Plaintiff contends that defendant's actions amounted to a taking of plaintiff's property, and asserts that governmental immunity is not a defense to takings of private property for public use. *Long v. City of Charlotte*, 306 N.C. 187, 203, 293 S.E.2d 101, 111-12 (1982). The fact that the taking occurred as part of an annexation process is irrelevant, according to plaintiff.

Plaintiff contends that *Thrash*, which indicated that annexation is a governmental function, provides no support for defendant's argument that it is entitled to governmental immunity in this case, because *Thrash* did not discuss the taking aspect of annexation. Instead, that case involved a direct challenge to an annexation ordinance. 95 N.C. App. at 461, 383 S.E.2d at 659. In the case at hand plaintiff is not attempting to invalidate the annexation in any way. Plaintiff is simply seeking compensation to which he was statutorily entitled and would have received were it not for defendant's alleged negligence.

We find that *Long* is dispositive of the issue at hand. The general rule from *Long* is that a taking is compensable, whether the governmental authority was acting in a governmental or proprietary capacity. 306 N.C. at 203, 293 S.E.2d at 111. The Supreme Court in *Long* noted that the "fundamental right to just compensation" is "part of the fundamental law of this State" and "imposes upon a governmental agency taking private property for public use a correlative duty to make just compensation to the owner of the property taken." *Id.* at 196, 293 S.E.2d at 107. The Court stated, "[i]f a 'taking' has occurred,

it is compensable though it results from a function which is governmental in nature. Governmental immunity is not a defense where there is a 'taking' of private property for public use whether that use be propriety or governmental in nature." *Id.* at 203, 293 S.E.2d at 111-12.

Thus, if a governmental authority negligently prevented the receipt of just compensation for a taking, that negligence would be actionable and would not be subject to the defense of governmental immunity. This is true even if the taking occurred as part of a governmental function, such as annexation.

Because we conclude that governmental immunity is not an available defense in this case, we find that this appeal does not affect a substantial right and that the trial court's order is interlocutory and unappealable.

Appeal dismissed.

Chief Judge ARNOLD and Judge COZORT concur.