HAMLET EPPS, ROBERT EPPS, MARY MONTGOMERY, JENNIFER DANIEL, AND HAZEL GADSON, PLAINTIFFS v. DUKE UNIVERSITY, INC., A NORTH CAROLINA CORPORATION, PRIVATE DISGNOSTIC [SIC] CLINIC, A NORTH CAROLINA PARTNERSHIP, JOHN PETER LONGABAUGH, M.D., NATHAN PULKINGHAM, M.D., RUSSELL HJELMSTAD, M.D., MICHAEL WILSON, M.D., AND KATHRYN LANE, M.D., DEFENDANTS

No. 9314SC971

(Filed 6 September 1994)

1.  **Coroners and Medical Examiners § 32 (NCI4th); Trial § 584 (NCI4th)— medical examiner—wrongful autopsy—motion to dismiss**

     A trial court erred when ruling on a motion to dismiss in a wrongful autopsy action by entering conclusions of law in his order denying defendant Hjelmstad's motion to dismiss without entering findings of fact and by concluding that Hjelmstad acted outside the scope of his duties as a medical examiner and was not entitled to immunity, which had the same effect as granting a motion for summary judgment on the issue of liability.

     **Am Jur 2d, Coroners or Medical Examiners § 5; Trial §§ 1967 et seq.**

## 2. Coroners and Medical Examiners § 32 (NCI4th)— medical examiner—wrongful autopsy—scope of authority

The trial court correctly denied defendant Hjelmstad's motion to dismiss a wrongful autopsy action where the complaint contained allegations that Hjelmstad acted outside the scope of his official duties. Although defendant Hjelmstad contended that he was entitled to immunity as the medical examiner, the Court of Appeals could not conclude from the allegations in the complaint (Hjelmstad not having answered) that Hjelmstad was sued only in his capacity as medical examiner and allegations in the complaint gave notice that Hjelmstad may have acted beyond the scope of his official duties in authorizing and/or supervising an autopsy allegedly involving procedures not routinely performed and seemingly unrelated to the cause of death.

**Am Jur 2d, Coroners or Medical Examiners § 5.**

**Liability for wrongful autopsy. 18 ALR4th 858.**

Appeal by defendants from order signed 19 July 1993 *nunc pro tunc* for 25 June 1993 by Judge George R. Greene in Durham County Superior Court. Heard in the Court of Appeals 19 May 1994.

*Ferguson, Stein, Wallas, Adkins, Gresham & Sumter, P.A., by Adam Stein, for plaintiffs-appellees.*

*Attorney General Michael F. Easley, by Special Deputy Attorney General Mabel Y. Bullock, for defendant-appellant Russell Hjelmstad, M.D.*

*Newsom, Graham, Hedrick, Kennon & Cheek, P.A., by Lewis A. Cheek and Joel M. Craig, for defendants-appellants Duke University, Inc., Private Diagnostic Clinic, John Peter Longabaugh, M.D., Nathan Pulkingham, M.D., Michael Wilson, M.D. and Kathryn Lane, M.D.*

LEWIS, Judge.

All defendants attempted to appeal from the trial court's denial of defendant Hjelmstad's motion to dismiss. On 3 November 1993 this Court dismissed the appeal of all defendants except Russell Hjelmstad (hereinafter "Hjelmstad").

On appeal, Hjelmstad asserts that (1) the trial court erred in entering an order which went beyond the permissible scope of a rul-

ing on a motion to dismiss, and (2) the court erred in denying the motion to dismiss, because Hjelmstad is entitled to immunity. An appeal from the denial of a motion to dismiss is interlocutory. *Teachy v. Coble Dairies, Inc.*, 306 N.C. 324, 293 S.E.2d 182 (1982). However, if the appeal involves questions of immunity, it affects a substantial right and becomes immediately appealable. *See* N.C.G.S. § 1-277 (1983); N.C.G.S. § 7A-27 (1989); *EEE-ZZZ Lay Drain Co. v. North Carolina Dep't of Human Resources*, 108 N.C. App. 24, 422 S.E.2d 338 (1992). We find the order to be immediately appealable.

Plaintiffs' action arises from the alleged wrongful autopsy of their decedent, Dora Epps McNair, who died at Duke University Hospital on 17 April 1990. Plaintiffs contend that defendants failed to advise them of the scope of the autopsy when they sought plaintiffs' consent and that defendants "mishandled and mutilated" the body of the decedent. They seek compensatory and punitive damages.

Hjelmstad filed a motion to dismiss on 18 March 1993, contending that he was immune from suit because he was acting in his capacity as Durham County Medical Examiner at the time of the autopsy. In his order denying the motion to dismiss, Judge Greene included several conclusions of law. He concluded that none of the defendants was entitled to the protection of statutes authorizing autopsies, and that Hjelmstad was not entitled to immunity because plaintiffs sued him in his individual capacity and because "it is sufficiently alleged that he acted outside of and beyond the scope of his duties as Durham County Medical Examiner."

I.

[1] Hjelmstad first argues that the trial court erred in entering an order which exceeded the scope of a ruling on a motion to dismiss. Hjelmstad objects to Judge Greene's entry of conclusions of law that Hjelmstad acted outside the scope of his authority and that he was not entitled to immunity. He asks that the statements be considered "gratuitous and surplusage," and that we vacate the order and remand for further proceedings. *See O'Neill v. Southern Nat'l Bank*, 40 N.C. App. 227, 252 S.E.2d 231 (1979) (stating that a court's findings of fact and conclusions of law entered in an interlocutory order of dismissal were "gratuitous" and "surplusage" and did not constitute a basis for an immediate appeal where the order was not otherwise appealable). Plaintiffs, on the other hand, contend that the court's order was "precisely responsive" to the arguments raised by defendant's memorandum in support of the motion.

A court is not required to make findings of fact and conclusions of law when ruling on preliminary motions, but it has the discretion to do so. *See* N.C.G.S. § 1A-1, Rule 52(a)(2) (1990); *Watkins v. Hellings*, 321 N.C. 78, 361 S.E.2d 568 (1987). If a court does enter conclusions of law, they must be supported by adequate findings. *See Appalachian Poster Advertising Co. v. Harrington*, 89 N.C. App. 476, 366 S.E.2d 705 (1988). However, in *State ex rel. Lewis v. Lewis*, 63 N.C. App. 98, 303 S.E.2d 627 (1983), *aff'd*, 311 N.C. 727, 319 S.E.2d 145 (1984), Judge Becton clearly stated that a ruling on the merits cannot be made on a motion to dismiss for failure to state a claim. *See Wilkes v. North Carolina State Bd. of Alcoholic Control*, 44 N.C. App. 495, 261 S.E.2d 205 (1980).

We agree with defendant that Judge Greene erred in entering conclusions of law in his order. Judge Greene's order contained no findings of fact and therefore did not comply with the requirement of Rule 52 that conclusions of law be supported by findings of fact. Furthermore, Judge Greene's order constituted a ruling on the merits. His conclusion that Hjelmstad acted outside the scope of the duties of a medical examiner and that he is not entitled to immunity established Hjelmstad's liability for any damages. *See Dickens v. Thorne*, 110 N.C. App. 39, 429 S.E.2d 176 (1993) (a public officer not entitled to governmental immunity is liable for damages if, among other things, he acted outside the scope of his official duties). This order had the same effect as granting a plaintiff's motion for summary judgment on the issue of liability. We therefore vacate the portions of Judge Greene's order containing conclusions of law, including the conclusions that (1) Hjelmstad and the other defendants acted outside and beyond the scope of their duties, and that (2) Hjelmstad is not entitled to immunity.

II.

[2] Hjelmstad also contends that the court erred in denying his motion to dismiss, because he believes he is entitled to immunity. At all relevant times, Hjelmstad was employed as a resident physician at Duke and also served as Durham County Medical Examiner pursuant to N.C.G.S. § 130A-382 (1992). Both parties conceded at oral argument that Hjelmstad is being sued for his activities as a medical examiner. At oral argument, plaintiffs' counsel stipulated that Hjelmstad ordered the autopsy while acting as the county medical examiner, and in their brief plaintiffs argued that Hjelmstad acted "outside of his authority as medical examiner."

A medical examiner is a public officer, *Cherry v. Harris*, 110 N.C. App. 478, 429 S.E.2d 771, *disc. review denied*, 335 N.C. 171, 436 S.E.2d 371 (1993), and is entitled to governmental immunity if sued in his official capacity. *Whitaker v. Clark*, 109 N.C. App. 379, 427 S.E.2d 142, *disc. review denied and cert. denied*, 333 N.C. 795, 431 S.E.2d 31 (1993). Actions against officers of the State in their official capacities are actions against the State for the purposes of applying the doctrine of governmental immunity. *Dickens*, 110 N.C. App. at 45, 429 S.E.2d at 180. Governmental immunity is impossible to overcome absent consent or waiver. *Messick v. Catawba County*, 110 N.C. App. 707, 431 S.E.2d 489, *disc. review denied*, 334 N.C. 621, 435 S.E.2d 336 (1993). There are no allegations of waiver here. Thus, if plaintiffs sued Hjelmstad solely in his official capacity, the case should have been dismissed by the trial court. *See Whitaker*, 109 N.C. App. at 384, 427 S.E.2d at 145 (stating that failure to allege waiver of immunity results in a finding of failure to state a claim).

However, if a public officer is sued in his individual capacity, he is entitled to immunity for actions constituting mere negligence, *Cherry*, 110 N.C. App. at 480, 429 S.E.2d at 722, but may be subject to liability for actions which are corrupt, malicious or outside the scope of his official duties. *Dickens*, 110 N.C. App. at 45, 429 S.E.2d at 180. *See also Reid v. Roberts*, 112 N.C. App. 222, 435 S.E.2d 116 (listing bad faith and willful and deliberate conduct as additional bases for liability), *disc. review denied*, 335 N.C. 559, 439 S.E.2d 151 (1993). On appeal, plaintiffs contend that Hjelmstad acted "far beyond the scope of that permitted by the [relevant] statute."

In order to determine whether or not the court correctly denied Hjelmstad's motion to dismiss, we must determine in what capacity he was sued. If Hjelmstad was sued solely in his official capacity, he was entitled to governmental immunity and a dismissal of the case. If he was sued in his individual capacity, we must determine whether the complaint sufficiently alleges corrupt or malicious conduct or that he acted outside the scope of his official duties.

Because plaintiffs made no distinction in their complaint as to the capacity in which they sued Hjelmstad, we must examine the allegations in the complaint. *Dickens*, 110 N.C. App. at 46, 429 S.E.2d at 180. In *Whitaker*, this Court examined the "overall tenor of the complaint" and found that the allegations "centered solely on the defendants' official duties." 109 N.C. App. at 383, 427 S.E.2d at 144. In the case at hand, plaintiffs allege that some of the examinations performed were

not "routinely part of a medical examiner's autopsy." They also allege that Hjelmstad "authorized" and "supervised" the autopsy. Hjelmstad contends that plaintiffs sued him in his official capacity only, because the allegations all relate to his official duties as medical examiner. We disagree.

Nowhere in the complaint is there any hint that Hjelmstad is being sued in his capacity as medical examiner. Plaintiffs only allege that "at all times relevant to this complaint, defendant Hjelmstad was acting on behalf of and as an agent, servant or employee of defendant Duke." We believe that if plaintiffs had intended to sue Hjelmstad in his official capacity as medical examiner, they would have at least included an allegation that Hjelmstad was the county medical examiner at all relevant times. *Cf. Whitaker*, 109 N.C. App. at 382, 427 S.E.2d at 144 (finding that defendants sued only in their official capacity where complaint contained allegations that defendants were employees of a state agency, they were performing their "official duties," and they were acting "in their official capacity"). We cannot conclude from the allegations in this complaint that Hjelmstad was sued only in his official capacity as medical examiner. We note that Hjelmstad has not yet answered. The only information before us is that contained in the complaint, the motion to dismiss, and the answer of the other defendants.

We must now determine whether the complaint states a cause of action against Hjelmstad in his individual capacity. Hjelmstad argues that plaintiffs have failed to state a claim because of the discretionary authority afforded a medical examiner under N.C.G.S. § 130A-389(a) (1992) in deciding whether or not to order an autopsy. We note that Hjelmstad has presented no arguments as to the extent of the autopsy performed. Hjelmstad argues that plaintiffs' allegations, taken as true, are insufficient to show that Hjelmstad acted with malice or corruption.

While it is true that plaintiffs did not contend malice or corruption on the part of Hjelmstad in ordering the autopsy, plaintiffs did include allegations in the complaint indicating that Hjelmstad and the other defendants exceeded the permissible scope of the autopsy. Plaintiffs contend that Hjelmstad "authorized and/or supervised the autopsy", and that Hjelmstad, along with the other defendants, performed an extensive autopsy. Plaintiffs allege that defendant Kathryn Lane performed the autopsy, and that Lane was "acting on behalf of and as an agent, servant, or employee of defendant Hjelmstad." Plain-

tiffs allege that the body was "excessively mutilated" and specifically set forth those aspects of the autopsy which they allege were unnecessary. We believe that these allegations give sufficient notice to defendants that Hjelmstad may have acted beyond the scope of his official duties in authorizing and/or supervising an autopsy allegedly involving procedures not routinely performed and seemingly unrelated to the cause of death.

We conclude that because plaintiffs' complaint contains allegations indicating that Hjelmstad acted outside the scope of his official duties, they have stated a valid claim against Hjelmstad in his individual capacity as a public officer. The trial court, at this early stage of the proceedings, correctly denied Hjelmstad's motion to dismiss. We vacate that part of the order of the trial court insofar as it contains conclusions of law, and remand for entry of the remainder of the order denying the motion to dismiss.

Vacated in part, affirmed in part, and remanded.

Judges EAGLES and WYNN concur.