IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-790

Filed 16 April 2025

Wake County, No. 23 CV 028082-910

ROBERT DUSTIN SMITH, Plaintiff,

v.

TERESA LANE, individually and in her official capacity as a City of Raleigh Firefighter, and CITY OF RALEIGH, Defendants.

Appeal by Defendants from an order entered 3 May 2024 by Judge Hoyt G. Tessener in Wake County Superior Court. Heard in the Court of Appeals 25 February 2025.

> *Krompecher Law Firm, LLC by Pedro Krompecher, III and Beasley, Allen, Crow, Methvin, Portis & Miles, P.C. by J. Parker Miller, pro hac vice, for Plaintiff-Appellee.*

> *City Attorney Karen McDonald, by Andrew J. Seymour Senior Associate City Attorney, for Defendants-Appellants.*

WOOD, Judge.

Teresa Lane and the City of Raleigh ("Defendants") appeal from an order denying a Motion to Dismiss pursuant to N.C. Gen. Stat. § 1A-1, Rules 12(b)(1), 12(b)(2), and 12(b)(6). As Plaintiff has failed to "allege and prove" Defendants waived their immunity as required in N.C. Gen. Stat. § 160A-485(a), the trial court erred by denying Defendants' motion to dismiss under N.C. Gen. Stat. § 1A-1, Rule 12(b)(2). For the reasons set forth below, we reverse the trial court's order.

## I.  Factual and Procedural Background

On 22 October 2022, Teresa Lane ("Lane") a City of Raleigh firefighter, was on duty and driving a firetruck and returning to Fire Station 9.  Robert Smith ("Plaintiff") was riding on a motorcycle following Defendant's firetruck along Six Forks Road in Raleigh in the right lane.  Plaintiff contends that Lane moved from the right lane to the center lane while Defendant continued in the right lane.  Then suddenly and without warning Plaintiff performed a lane change from the middle lane back to the right lane directly in front of Plaintiff without signal causing a collision.

Defendants assert Lane was driving in the far-right lane and Plaintiff was directly behind the firetruck but as Lane approached the entrance to the fire station, Defendant crossed into the middle lane to make the right turn into the entrance of the fire station.  As Defendant was turning, Plaintiff drove straight into the side of the firetruck.  Both parties agree that the firetruck was not responding to an emergency and did not have its lights or sirens activated.  Plaintiff sustained serious injuries, including the amputation of one leg above the knee.

On 4 October 2023, Plaintiff filed a complaint alleging Lane had negligently caused the collision and that the City of Raleigh was responsible for the negligence under the doctrines of negligent supervision and *respondent superior*.

On 1 December 2023, Defendants filed motions to dismiss pursuant to N.C. Gen. Stat. § 1A-1, Rules 12(b)(1), 12(b)(2), and 12(b)(6) citing grounds that the trial

court lacked personal and subject matter jurisdiction over Defendants based on the doctrine of governmental immunity and that the complaint failed to state a cause of action upon which relief could be granted.

On 25 April 2024, Defendants' motion came on for hearing in Wake County Superior Court. The trial court granted the motion in part and denied it in part. The trial court granted the 12(b)(6) motion to dismiss punitive damages and denied the 12(b)(6) motion to dismiss official capacity claims against Lane. In addition, the trial court denied Defendants' 12(b)(1) and 12(b)(2) motions to dismiss based on governmental immunity.

On 15 May 2024, Defendants filed notice of appeal.

## II.    Analysis

On appeal, Defendants contend the trial court erred by denying Defendants' Rule 12(b)(2) motion to dismiss. Defendants argue the undisputed evidence establishes that, as a matter of law, governmental immunity bars Plaintiff's claims. We agree.

### A. Standard of Review

"An interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy." *Doe v. Charlotte-Mecklenburg Bd. Of Educ.,* 222 N.C. App. 359, 363, 731 S.E.2d 245, 248 (2012) (cleaned up). The denial of a Rule 12(b)(2) motion to dismiss is such an interlocutory order. Generally,

interlocutory orders are not immediately appealable unless they affect a substantial right. However, such an appeal "addressing a governmental entity's immunity claim is immediately appealable because immunity represents a substantial right. This Court reviews a trial court's decision to grant or deny a motion to dismiss based upon the doctrine of governmental or legislative immunity using a de novo standard of review." *Providence Volunteer Fire Dep't, Inc. v. Town of Weddington*, 382 N.C. 199, 209, 876 S.E.2d 453, 460 (2022) (cleaned up).

### B. Governmental Immunity

North Carolina courts have long held that "governmental immunity covers only the acts of a municipality or a municipal corporation committed pursuant to its governmental functions." *Providence Volunteer Fire Dep't, Inc. v. Town of Weddington*, 382 N.C. 199, 212, 876 S.E.2d 453, 462 (2022) (cleaned up) (quoting *Estate of Williams ex rel Overton v. Pasquotank Cnty Parks & Rec. Dept.*, 366 N.C. 195, 199, 732 S.E.2d 137, 141 (2012). Governmental immunity does not apply when the municipality engages in a proprietary function. In determining whether an entity is entitled to governmental immunity, the issue turns on whether the alleged tortious conduct of the county or municipality was a result of an activity that was governmental in nature or proprietary in nature. *Id.*

We have long held "a 'governmental' function is an activity that is 'discretionary, political, legislative, or public in nature and performed for the public good in behalf of the State rather than for itself.'" *Providence Volunteer Fire Dep't,*

*Inc. v. Town of Weddington*, 382 N.C. 199, 212, 876 S.E.2d 453, 462 (2022) (quoting *Britt v. City of Wilmington*, 236 N.C. 446, 450, 73 S.E.2d 289, 293 (1952). In contrast, a proprietary function is one that is "commercial or chiefly for the private advantage of the compact community." *Britt* at 450, 73 S.E.2d at 293.

*Sub judice,* both Plaintiff and Defendants, acknowledge "at all times relevant, Defendant Lane operated the Firetruck in the course and scope of her employment with Defendant City." In *Taylor v. Ashburn*, this Court held that a firefighter shares in the city's governmental immunity for claims arising out of a firefighter's negligent operation of a fire truck concluding that the operation of a firetruck is a governmental function. *Taylor v. Ashburn*, 112 N.C. App. 604, 608, 436 S.E.2d 276, 279 (1993). Although both parties agree with the holding in *Taylor*, Plaintiff attempts to distinguish *Taylor* from the current case on the notion Defendant's firetruck was not responding to an emergency call with lights and sirens, but rather it was returning to the fire station. We disagree. A firetruck's departure from its station by necessity requires its return. Therefore, a firetruck on return to a Fire Station fulfills a governmental function because a city or municipalities' operation of a fire department is clearly a governmental function. We conclude governmental immunity applies *sub judice*.

## C. Waiver of Immunity

We next consider whether Defendants waived their governmental immunity. Pursuant to N.C. Gen. Stat. § 160A-485(a), governmental immunity may be waived:

(1) by purchasing insurance that actually indemnifies the city from tort liability; (2) by participating in a local government risk pool that actually indemnifies the city; or (3) by adopting a resolution that deems the creation of a funded reserve to be the same as a purchase of insurance. N.C. Gen. Stat. § 160A-485(a) (2024). "Waiver of sovereign immunity may not be lightly inferred and State statutes waiving this immunity, being in derogation of the sovereign right to immunity, must be strictly construed." *Guthrie v. N.C. State Ports Auth.*, 307 N.C. 522, 537–38, 299 S.E.2d 618, 627 (1983). A plaintiff bringing claims against a governmental entity and its employees acting in the scope of their official capacities "must allege and prove that the officials have waived their immunity or otherwise consented to suit." *Wright v. Gaston Cnty.,* 205 N.C. App. 600, 607, 698 S.E.2d 83, 89 (2010).

### 1. Waiver By Purchase of Insurance

Plaintiff contends that Defendants waived their liability by purchasing two insurance plans whose exclusionary clause does not explicitly address governmental immunity.

The purchase of excess insurance does not waive a governmental entity's immunity when the insurance policy contains language that preserves the entity's immunity and excludes coverage for claims to which immunity applies. *See, e.g., Hinson v. City of Greensboro*, 232 N.C. App. 204, 213, 753 S.E.2d 822, 828 (2014); *Wright v. Gaston Cnty.*, 205 N.C. App. 600, 698 S.E.2d 83, 89 (2010); *Estate of Earley es rel. Earley v. Haywood Cnty. Dep't of Social Servs.*, 204 N.C. App. 338, 343, 694

S.E.2d 405, 409-10 (2010).

It is uncontested that the City of Raleigh purchased two excess insurance policies that provide a combined total of $10 million in insurance coverage for certain claims subject to certain limitations and endorsements. Defendants submitted affidavits by Ryan Wilson, the Risk and Insurance Manager for the City of Raleigh, and Karen McDonald, the City Attorney, as well as evidence that the endorsements preserved their immunity and excluded coverage to claims in which immunity applied. The endorsements at issue state:

> Governmental Tort Liability Limitation Endorsement: By accepting coverage under this policy, the *insured* does not waive any of its statutory immunities for monetary limits of liability (commonly known as tort liability damages caps), and Berkley Public Entity shall not be liable for any *claims* in excess of the statutory monetary limits unless the statutory tort limitation is found by a court not to apply. If *claims* are asserted in any judicial jurisdiction where statutory liability damage caps do not apply, then the limits of coverage shown in the Declarations and further described in Section C. Limits of Insurance apply.

Plaintiff argues that the language in this endorsement is ambiguous and therefore should not be held to exclude governmental immunity claims. We disagree. "If the meaning of the policy is clear and only one reasonable interpretation exists, the courts must enforce the contract as written[.]" *Wright v. Gaston Cnty.*, 205 N.C. App. 600, 607, 698 S.E.2d 83, 89 (2010) (cleaned up). The "Governmental Liability Limitation" in *Wright* was substantially similar to the endorsement in this case and based upon that provision this Court held that the defendants had not waived

sovereign immunity through the purchase of the policy. Similarly, the plain language of the endorsement for "Governmental Tort Liability" in the City of Raleigh's insurance policies likewise excludes coverage for claims to which governmental immunity applies. As governmental immunity applies to each of Plaintiff's claims, the excess insurance policies provide no coverage and therefore, no waiver of immunity has occurred.

**2. Waiver By Participation in a Local Government Risk Pool**

Based on Defendant's affidavit from Ryan Wilson, the City's Risk and Insurance Manager, the City does not participate in a local government risk pool. Rather, the City of Raleigh manages its liability through a $1,000,000.00 self-insured retention ("SIR"). Further, Plaintiff has not brought forth any argument that the City of Raleigh waived governmental immunity by participating in a risk pool.

**3. Waiver by Resolution**

In 1999, by authority granted under N.C. Gen. Stat. § 160A-485, the Raleigh City Council adopted a resolution setting forth guidelines for waiver of its immunity and the immunity of its officers for claims within its $1,000,000.00 SIR. The resolution established mandatory requirements that must be met before the City would agree to a limited waiver. These requirements include that a party must accept the limited damages contained in the resolution and execute a release of all claims against all persons, firms, and corporations on account of the incident giving rise to the claim. *Arrington v. Martinez*, 215 N.C. App. 252, 259-60, 716 S.E.2d 410, 414-15

(2011). Plaintiff has not met the waiver requirements of the City of Raleigh's Resolution. Additionally, Plaintiff explicitly seeks damages exceeding the limits set forth under the resolution. Therefore, Defendants' immunity is not waived by the resolution.

"Because it is a jurisdictional matter, a plaintiff's complaint must affirmatively demonstrate the basis for the waiver of immunity when suing a governmental entity which has immunity." *Arrington v. Martinez*, 215 N.C. App. 252, 263, 716 S.E.2d 410, 417 (2011). Plaintiff fails to do so here. As Plaintiff has failed to establish basis for the waiver of immunity, we hold the trial court erred in its denial of Defendants' Rule 12(b)(2) motion to dismiss.

### III.    Conclusion

Driving a firetruck on return to the station is clearly a governmental function entitled to immunity. As Plaintiff has failed to "allege and prove" Defendants had waived their immunity as required in N.C. Gen. Stat. § 160A-485(a) the trial court erred in its denial of Defendants' motion to dismiss under N.C. Gen. Stat. § 1A-1, Rule 12(b)(2). We therefore reverse and remand for dismissal.

REVERSED AND REMANDED.

Judge TYSON and Judge MURRY concur.