JEFFREY D. GREGORY, AND WIFE, SONYA L. GREGORY, AND JEFFREY D. GREGORY, AS GUARDIAN AD LITEM FOR JEFFREY GREGORY AND STEPHANIE GREGORY, MINORS, APPELLANTS v. CITY OF KINGS MOUNTAIN, A MUNICIPAL CORPORATION, AND JIMMY MANEY, APPELLEES

No. 9324SC1290

(Filed 15 November 1994)

1. **Municipal Corporations § 412 (NCI4th)— city employee— acts performed in official capacity—sovereign immunity applicable**

   Where plaintiffs asserted claims against defendant gas superintendent in his official capacity as an employee of defendant city, he was shielded from individual liability by the doctrine of sovereign immunity, and because the allegations in the complaint failed to assert liability for negligence against defendant separate from his official duties, the complaint failed to state a claim against him in his individual capacity.

   **Am Jur 2d, Municipal, County, School, and State Tort Liability §§ 661 et seq.**

2. **Municipal Corporations § 415 (NCI4th)— city's operation of natural gas supply utility—proprietary function—no governmental immunity**

   Defendant city, in operating a natural gas supply utility, was engaged in a proprietary rather than governmental function and therefore was not immune from liability for any torts which were proximately caused by it in providing this service.

   **Am Jur 2d, Municipal, County, School, and State Tort Liability §§ 87 et seq.**

   **State's immunity from tort liability as dependent on governmental or proprietary nature of function. 40 ALR2d 927.**

   **Comment Note.—Municipal immunity from liability for torts. 60 ALR2d 1198.**

Appeal by plaintiffs from order entered 8 October 1993 by Judge Howard R. Greeson, Jr. in Cleveland County Superior Court. Heard in the Court of Appeals 14 September 1994.

*Weaver, Bennett & Bland, P.A., by Michael David Bland and Bill G. Whittaker, for plaintiffs-appellants.*

*Corry, Cerwin & Luptak, by Todd R. Cerwin, for defendants-appellees.*

JOHNSON, Judge.

On or about 27 January 1984, plaintiffs contracted with Corbett H. Nicholson of Nicholson Heating and Air Conditioning Co. to install a heating system in their home in Kings Mountain, North Carolina. During the following week, Nicholson Heating and Air Conditioning Co. installed a natural gas heating system in plaintiffs' home. Neither Corbett H. Nicholson nor plaintiffs obtained a permit from the City of Kings Mountain Building Standards Department prior to the installment of the heating system. There is no indication that a permit was ever issued.

After completing installation of plaintiffs' system, Mr. Nicholson contacted the gas department for the connection from the city's gas line to plaintiffs' system. The connection was made after working hours. At least three employees of the gas department knew that no permit had been issued, and that Mr. Nicholson had not requested an inspection.

Approximately one week following the installation of the heating system, plaintiffs smelled fumes when the gas furnace was operating. Plaintiffs contacted Mr. Nicholson who advised plaintiffs that it was normal to smell fumes when the furnace was operating.

Plaintiffs continued to smell fumes in their residence between January 1984 and August 1987 and contacted the City of Kings Mountain Gas Department on numerous occasions concerning the fume problem. The City of Kings Mountain through its agents examined the exterior lines and connections outside the home on several occasions during this time and did not locate a gas leak. At no time did the agents of Kings Mountain indicate a need or desire to inspect for gas leaks inside plaintiffs' residence.

In August of 1987, plaintiffs again called the City of Kings Mountain Gas Department and finally as a result of that call, Ricky Putnam, an employee of the Department, was sent to examine the heating system. After inspecting the furnace, Mr. Putnam discovered a gas vent going through an open fireplace, possibly eight inches from the bottom of the fireplace, which allowed the fumes that he smelled to

GREGORY v. CITY OF KINGS MOUNTAIN

[117 N.C. App. 99 (1994)]

escape into the house. Mr. Putnam then called his immediate supervisor, John Clemmer.

Mr. Clemmer visited plaintiffs' house in August 1987 with Jimmy Maney, gas superintendent for the City of Kings Mountain. After talking to Mr. Putnam and reinspecting the heating system, Mr. Clemmer and/or Jimmy Maney informed plaintiff, Sonya Gregory, that she needed to get Mr. Nicholson to come out and fix the venting.

Plaintiff, Sonya Gregory, called Corbett Nicholson while Putnam, Clemmer and Maney were present and was informed that Mr. Nicholson would be out right away to take care of the problem. Kings Mountain Gas Department employees, Putnam, Clemmer and Maney left the plaintiffs' residence before the arrival of Mr. Nicholson and conducted no further inspection or follow-ups.

Mr. Nicholson's repair consisted of placing duct tape near the vent to slow the leaks. Neither the Kings Mountain Gas Department, the Kings Mountain Building Standards Department, nor defendant, Jimmy Maney, followed up to determine whether the repairs had been made.

Plaintiffs continued experiencing problems with the system and continued complaining about the gas fumes to the City, and on 11 April 1990 they again contacted the Kings Mountain Gas Department. Upon inspection by Ricky Putnam on 11 April 1990, the Kings Mountain Gas Department discovered that the system was in the same state and condition as in August of 1987.

As a result, Mr. Maney contacted the Kings Mountain Building Standards Department. On 11 April 1990, the Standards Department inspected the system and found numerous serious problems with the system's design and installation. As a result, plaintiffs' property was condemned as being dangerous by reason of fire hazard and/or harmful fumes or smoke.

Plaintiffs claim that defendant, City of Kings Mountain, was negligent in failing to require a permit in January of 1984, failing to provide an inspection upon completion of plaintiffs' heating system, failing to require a permit in August of 1987 on the repairs to plaintiffs' heating system, failing to inspect the repair work while in process and upon completion, and failing to take action before 11 April 1990 to inspect the heating system even after numerous complaints, all in violation of applicable State Building Codes and the North Carolina General Statutes. The specific allegations of negli-

gence on the part of defendant Maney are identical to those of the City of Kings Mountain. Plaintiffs allege they have incurred severe injuries as a result of defendants' failure.

On 9 July 1993, defendants filed an answer and motions to dismiss the complaint on the grounds that: (1) the complaint failed to state a claim against defendants pursuant to Rule 12(b)(6); (2) immunity; and (3) the claim is barred by the applicable statute of limitations.

On 8 October 1993, the trial court entered an order granting defendants' motion to dismiss the complaint on two grounds: (1) that defendants are not susceptible to liability in that defendants were performing governmental functions at all relevant times in the complaint; and (2) that plaintiffs' complaint failed to allege a waiver of immunity through the purchase or acquisition of liability insurance.

From the entry of this order, plaintiffs appeal. Plaintiffs argue that the trial court committed reversible error in granting defendants' motion to dismiss plaintiffs' complaint.

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint. *Stanback v. Stanback*, 297 N.C. 181, 254 S.E.2d 611 (1979). A motion to dismiss under Rule 12(b)(6) of the North Carolina Rules of Civil Procedure is proper when the complaint on its face reveals that no law supports plaintiff's claim; when some fact essential to plaintiff's claim is missing; or when some fact disclosed in the complaint necessarily defeats the plaintiff's claim. *Hare v. Butler*, 99 N.C. App. 693, 394 S.E.2d 231, *disc. review denied*, 327 N.C. 634, 399 S.E.2d 121 (1990). The complaint should be liberally construed and the court should not dismiss the complaint unless it appears that plaintiff is not entitled to relief under any facts that could be proven. *Peoples Security Life Ins. Co. v. Hooks*, 322 N.C. 216, 367 S.E.2d 647, *reh'g denied*, 322 N.C. 486, 370 S.E.2d 227 (1988).

Under the doctrine of governmental immunity or sovereign immunity a municipality is not liable for the torts of its officers and employees if the torts are committed while they are performing a governmental function. *Hare*, 99 N.C. App. 693, 394 S.E.2d 231. An action brought against individual officers in their official capacities is an action against the municipality. *Whitaker v. Clark*, 109 N.C. App. 379, 427 S.E.2d 142, *disc. review denied*, 333 N.C. 795, 431 S.E.2d 31 (1993). As to defendant Jimmy Maney, the complaint does not specify in what capacity he is being sued: i.e., whether he is being sued

**GREGORY v. CITY OF KINGS MOUNTAIN**

[117 N.C. App. 99 (1994)]

individually or solely as an official or in both his individual and official capacities. The complaint fails to designate in what capacity defendant Maney is being sued. Plaintiffs do not indicate in the complaint that defendant is being sued in both his individual and official capacity. The general rule is that plaintiffs usually designate in the caption of the complaint whether defendants are being sued in their official or individual capacities. *Whitaker*, 109 N.C. App. at 383, 427 S.E.2d at 144. Since plaintiffs have made no such distinction, we examine the text of the complaint to determine in what capacity defendant Maney is being sued.

[1] Having reviewed the complaint, we find that plaintiffs have only asserted claims against defendant Maney in his official capacity as an employee of the City of Kings Mountain, rather than as an individual. Therefore, defendant Maney is shielded from individual liability by the doctrine of sovereign immunity.

Moreover, because the allegations in the complaint fail to assert liability for negligence against Mr. Maney separate from his official duties, the complaint fails to state a claim against defendant Maney in his individual capacity. Accordingly, the 12(b)(6) motion to dismiss on behalf of Mr. Maney is affirmed.

[2] Next we consider the issue of governmental or sovereign immunity as to the City of Kings Mountain. Municipalities are usually immune from being sued for tort actions. However, governmental immunity does not apply when the municipality engages in a proprietary function as opposed to engaging in a governmental function. Nevertheless, where a municipality engages in a governmental function, govenmental immunity is applicable, and a city may waive its immunity from civil tort liability by purchasing liability insurance. North Carolina General Statutes § 160A-485 (1987). *Taylor v. Ashburn*, 112 N.C. App. 604, 436 S.E.2d 276 (1993), *cert. denied*, 336 N.C. 77, 445 S.E.2d 46 (1994); *Herndon v. Barrett*, 101 N.C. App. 636, 400 S.E.2d 767 (1991); *See Hickman v. Fuqua*, 108 N.C. App. 80, 422 S.E.2d 449 (1992), *disc. review denied*, 333 N.C. 462, 427 S.E.2d 621 (1993).

"Our Courts have long noted that drawing the line between municipal operations which are proprietary and subject to tort liability versus operations which are governmental and immune from such liability is a difficult task." *Pulliam v. City of Greensboro*, 103 N.C. App. 748, 751, 407 S.E.2d 567, 568, *disc. review denied*, 330 N.C. 197, 412 S.E.2d 59 (1991). Supplying natural gas to private customers is a

proprietary function similar to supplying sanitary facilities, water, and electricity. *Smith v. Winston-Salem*; *Thomas v. Winston-Salem*, 247 N.C. 349, 100 S.E.2d 835 (1957); *Faw v. North Wilkesboro*, 253 N.C. 406, 117 S.E.2d 14 (1960); *Dale v. Morganton*, 270 N.C. 567, 155 S.E.2d 136 (1967). These services are included within the services designated as public enterprise by the legislature. North Carolina General Statutes § 160A-311 (4) (Cum. Supp. 1993).

North Carolina cities and towns have increasingly competed with private enterprise for the ownership and operation of public enterprises. North Carolina General Statutes § 160A-311(4) defines public enterprise as including the operation of natural gas supplies. Furthermore, our Court has ruled that when municipalities set rates for public enterprise services, they act in a proprietary role. *Pulliam*, 103 N.C. App. at 753, 407 S.E.2d at 570.

The modern trend is to restrict governmental immunity rather than extend its application. Thus, we hold that the City of Kings Mountain in operating a natural gas supply utility was engaged in a proprietary function and, therefore, was not immune from liability for any torts which are proximately caused by it in providing this service. The trial court in the case *sub judice* erred in concluding that defendant City was engaged in a governmental function while operating a natural gas supply utility. Because we have decided that the City of Kings Mountain was not performing a governmental function in operating a natural gas supply utility, but conducting a proprietary function, we need not address the waiver of immunity issue.

For the reasons stated above the order of the trial court in dismissing the complaint against defendant Maney is affirmed; the order of the trial court in dismissing the complaint against the City of Kings Mountain is reversed and remanded.

Affirmed in part, reversed in part and remanded.

Judges GREENE and LEWIS concur.