JONATHAN WILLIAMS AND WIFE JAMIE KAUFMAN WILLIAMS, PLAINTIFFS V. DEVERE CONSTRUCTION COMPANY, INC., DAVIS, MARTIN, POWELL & ASSOCIATES, INC., TERRY'S PLUMBING & UTILITIES, INC., AND CITY OF THOMASVILLE, DEFENDANTS

No. COA10-900

(Filed 16 August 2011)

**1. Appeal and Error—appealability—interlocutory orders—substantial right—governmental immunity**

Plaintiffs' appeal from an order quashing their witness subpoenas and dismissing their negligence claim against defendant City was entitled to immediate review because the defense of governmental immunity affected a substantial right.

**2. Negligence—motion to dismiss—sufficiency of evidence—failure to allege duty**

The trial court did not err in a negligence case by granting defendant City's motion to dismiss for lack of subject matter jurisdiction under N.C.G.S. § 1A-1, Rule 12(b)(1). Plaintiffs failed to allege a duty or control defendant was required to exercise in the construction and establishment of a new school system sewer.

Appeal by plaintiffs from judgment entered 3 March 2010 by Judge V. Bradford Long in Randolph County Superior Court. Heard in the Court of Appeals 25 January 2011.

*Stone, Bowers, Gray & McDonald, P.A., by Carl W. Gray, for plaintiff-appellants.*

*Little & Little, P.L.L.C., by Cathryn M. Little, Esq., for defendant-appellant City of Thomasville.*

BRYANT, Judge.

Because there exists an issue as to whether or not defendant City of Thomasville was engaged in a proprietary function that would make it subject to tort liability, we reverse the trial court's conclusion that defendant City of Thomasville was engaged in a governmental function and thereby entitled to governmental immunity. Nevertheless, assuming arguendo defendant City of Thomasville is not entitled to a defense of governmental immunity, we hold plaintiffs' negligence claim must fail because plaintiffs fail to allege what duty or control

defendant City of Thomasville, located in Davidson County, was to exercise in the construction and establishment of the new Randolph County school sewer system. Therefore, we affirm the judgment of the trial court dismissing the negligence claim against City of Thomasville pursuant to Rule 12(b)(6).

Plaintiffs Jonathan Williams and Jamie Kaufman Williams are residents of Randolph County. On 10 August 2009, a sewer line backed up and sewage flowed back through the sewer line connected to a house owned by plaintiffs; sewage spilled from the toilets, bathtubs, and showers onto the flooring of the first floor, down through the walls, basement ceiling, and into the heating and cooling ducts causing substantial damage to the house. On 30 December 2009, plaintiffs filed a negligence complaint against defendants DeVere Construction Company, Inc.; Davis, Martin, Powell & Associates, Inc.; Terry's Plumbing & Utilities, Inc.; and City of Thomasville.

Devere Construction Co. served as general contractor for the construction of a new Randolph County school in the City of Trinity. Plaintiffs alleged that City of Thomasville, located in adjacent Davidson County, "was involved in the process of construction of the sewer system for [the] new school . . . in preparation for taking over operation and control of said sewer system." On 25 January and 18 February 2010, defendant City of Thomasville filed a motion and amended motion, respectively, to dismiss plaintiffs' claim as to them pursuant to Rule 12(b)(1) and 12(b)(6). City of Thomasville contended that it was immune from suit for torts committed by its officers or employees while performing governmental functions based on the doctrine of governmental immunity. A hearing on the motion was set for 1 March 2010.

On 1 March 2010, plaintiffs filed subpoenas for Kelly Craver, City of Thomasville City Manager, and Morgan Huffman, City of Thomasville Director of Public Services. City of Thomasville filed objections and a motion to quash plaintiffs' subpoenas. On 15 March 2010, the trial court entered an order granting City of Thomasville's motion to quash plaintiffs' witness subpoenas, under Rule 45(c)(5), and ordered that plaintiffs' claim against City of Thomasville be dismissed pursuant to Rule 12(b)(1) and Rule 12(b)(6). Plaintiffs appeal.

On appeal, plaintiffs question whether the trial court erred by (I) quashing plaintiffs' subpoenas; dismissing plaintiffs' complaint pursuant to (II) 12(b)(1); and (III) 12(b)(6).

**WILLIAMS v. DEVERE CONSTR. CO., INC.**

[215 N.C. App. 135 (2011)]

[1] Before we reach plaintiffs' arguments, we consider whether plaintiffs' interlocutory appeal is properly before this Court.

Under North Carolina Rules of Civil Procedure, Rule 54,

> [A]ny order . . . which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties and shall not then be subject to review either by appeal or otherwise except as expressly provided by these rules or other statutes.

N.C. R. Civil P. 54(b) (2009). "An interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy." *Stanford v. Paris*, 364 N.C. 306, 311, 698 S.E.2d 37, 40 (2010) (quoting *Veazey v. City of Durham*, 231 N.C. 357, 362, 57 S.E.2d 377, 381 (1950)).

> As a general rule, interlocutory orders are not immediately appealable. *Davis v. Davis*, 360 N.C. 518, 524, 631 S.E.2d 114, 119 (2006). However, "immediate appeal of interlocutory orders and judgments is available in at least two instances": when the trial court certifies, pursuant to N.C.G.S. § 1A-1, Rule 54(b), that there is no just reason for delay of the appeal; and when the interlocutory order affects a substantial right under N.C.G.S. §§ 1-277(a) and 7A-27(d)(1). *Sharpe v. Worland*, 351 N.C. 159, 161-62, 522 S.E.2d 577, 579 (1999).

*Turner v. Hammocks Beach Corp.*, 363 N.C. 555, 558, 681 S.E.2d 770, 773 (2009). Where the trial court does not certify the order pursuant to Rule 54(b), the first avenue is not available to the appellant. *Jefferys v. Raleigh Oaks Joint Venture*, 115 N.C. App. 377, 379, 444 S.E.2d 252, 253 (1994). Pursuant to the second avenue, "the appellant has the burden of showing this Court that the order deprives the appellant of a substantial right which would be jeopardized absent a review prior to a final determination on the merits." *Id.* at 380, 444 S.E.2d at 254. This Court has held that appeals from interlocutory orders raising issues of governmental or sovereign immunity affect a substantial right sufficient to warrant immediate appellate review. *Price v. Davis*, 132 N.C. App. 556, 558-59, 512 S.E.2d 783, 785 (1999); *see, e.g., Hines v. Yates*, 171 N.C. App. 150, 614 S.E.2d 385 (2005); *Derwort v. Polk County*, 129 N.C. App. 789, 501 S.E.2d 379 (1998); *Hedrick v. Rains*, 121 N.C. App. 466, 466 S.E.2d 281, *aff'd*, 344 N.C. 729, 477 S.E.2d 171 (1996).

Here, plaintiffs appeal from an order quashing their witness sub-poenas and dismissing their negligence claim against City of Thomasville pursuant to Rule 12(b)(1) and 12(b)(6). The trial court's stated basis for the dismissal was that "the doctrine of governmental immunity applies to plaintiffs' allegations against defendant City . . . [,] defendant City has not waived its governmental immunity . . . [, and] defendant City's Motions to dismiss shall be and hereby are granted . . . ." These grounds are sufficient to warrant immediate appellate review. *See Price*, 132 N.C. App. 558-59, 512 S.E.2d 785; *see also Murray v. County of Person*, 191 N.C. App. 575, 577, 664 S.E.2d 58, 60 (2008) ("appeals which present defenses of governmental or sovereign immunity . . . have been held by this Court to be immediately appealable as affecting a substantial right." (citations omitted)). Therefore, we review plaintiffs' appeal.

Because the issues presented by plaintiffs in arguments II and III are determinative, our opinion addresses only the arguments corresponding to those issues.

## II

**[2]** Plaintiff argues that the trial court erred in granting defendant City's motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1). Plaintiff argues that defendant City is not entitled to governmental immunity because (A) it waived its governmental immunity with the purchase of liability insurance and (B), in the alternative, because defendant City's involvement in the process of construction of the sewer system was a proprietary function. Though the record is undeveloped as to whether City of Thomasville was engaged in a proprietary function, plaintiffs' allegations are sufficient to warrant further review in the determination of whether governmental immunity is applicable.

"We review Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction de novo and may consider matters outside the pleadings." *Harris v. Matthews*, 361 N.C. 265, 271, 643 S.E.2d 566, 570 (2007) (citations omitted).

"Under the doctrine of governmental immunity . . . a municipality is not liable for the torts of its officers and employees if the torts are committed while they are performing a governmental function." *Gregory v. City of Kings Mountain*, 117 N.C. App. 99, 101, 450 S.E.2d 349, 352 (1994) (citation omitted). "Application of the doctrine depends upon whether the activity out of which the tort arises is

properly characterized as 'governmental' or 'proprietary' in nature." *Bostic Packaging, Inc. v. City of Monroe*, 149 N.C. App. 825, 826-27, 562 S.E.2d 75, 77 (2002) (citation omitted).

> A municipal corporation is dual in character and exercises two classes of powers—governmental and proprietary. It has a twofold existence—one as a governmental agency, the other as a private corporation.
>
> Any activity of the municipality which is discretionary, political, legislative, or public in nature and performed for the public good in behalf of the State rather than for itself comes within the class of governmental functions. When, however, the activity is commercial or chiefly for the private advantage of the compact community, it is private or proprietary.
>
> . . .
>
> In either event it must be for a public purpose or public use.
>
> So then, generally speaking, the distinction is this: If the undertaking of the municipality is one in which only a governmental agency could engage, it is governmental in nature. It is proprietary and "private" when any corporation, individual, or group of individuals could do the same thing. Since, in either event, the undertaking must be for a public purpose, any proprietary enterprise must, of necessity, at least incidentally promote or protect the general health, safety, security or general welfare of the residents of the municipality.

*Britt v. City of Wilmington*, 236 N.C. 446, 450-51, 73 S.E.2d 289, 293 (1952). "Our courts have long noted that drawing the line between municipal operations which are proprietary and subject to tort liability versus operations which are governmental and immune from such liability is a difficult task." *Pulliam v. City of Greensboro*, 103 N.C. App. 748, 751, 407 S.E.2d 567, 568 (1991). "The 'application of the [governmental-proprietary distinction] to given factual situations has resulted in irreconcilable splits of authority and confusion as to what functions are governmental and what functions are proprietary.' " *Id.* (quoting *Koontz v. City of Winston-Salem*, 280 N.C. 513, 186 S.E.2d 897 (1972)). Historically, the establishment, construction, and maintenance of a sewer system by a municipality for its residents was a governmental function entitling the municipality to immunity from negligence claims. *E.g., Metz v. City of Asheville*, 150 N.C. 613, 748, 64 S.E. 881 (1909); *Roach v. City of Lenoir*, 44 N.C. App. 608, 610, 261

S.E.2d 299, 300-01 (1980); *McCombs v. City of Asheboro*, 6 N.C. App. 234, 240, 170 S.E.2d 169, 173 (1969). In more recent cases before this Court, recognizing the development of municipal sewer services provided by privately owned public utility companies, we have declined to grant immunity on the sole basis that sewer service was provided by a municipality. *Pulliam*, 103 N.C. App. 748, 407 S.E.2d 567. As a result, the plaintiffs may establish that a municipality was engaged in a proprietary function stripping it of governmental immunity. *Bostic Packing, Inc.*, 149 N.C. App. 825, 562 S.E.2d 75.

### A

Acknowledging the trial court's conclusion "[t]hat the doctrine of governmental immunity applies to plaintiffs' allegations against defendant City[,]" plaintiffs argue that City of Thomasville nonetheless waived its immunity with the purchase of liability insurance.

"[W]here a municipality engages in a governmental function, governmental immunity is applicable, and a city may waive its immunity from civil tort liability by purchasing liability insurance." *Gregory*, 117 N.C. App. at 103, 450 S.E.2d at 352 (citing N.C.G.S. § 160A-485 (1987)). Pursuant to North Carolina General Statutes, section 160A-485, "[a]ny city is authorized to waive its immunity from civil liability in tort by the act of purchasing liability insurance. . . . *Immunity shall be waived only to the extent that the city is indemnified by the insurance contract from tort liability.*" N.C. Gen. Stat. § 160A-485(a) (2009) (emphasis added).

During the period 1 July 2009 to 1 July 2010, defendant City was insured by the Interlocal Risk Financing Fund of North Carolina, a Property and Liability Insurance Trust administered by the North Carolina League of Municipalities. The policy indemnifies City of Thomasville against "those sums that the insured becomes legally obligated to pay as compensatory damages because of . . . 'property damage' . . . ." However, the policy specifically excludes from coverage contractual liability.

1.  Exclusions

    This insurance does not apply to:

        . . .

    b. Contractual Liability

**WILLIAMS v. DEVERE CONSTR. CO., INC.**

[215 N.C. App. 135 (2011)]

"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

(1) That the insured would have in the absence of the contract of agreement; or

(2) Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement.

City of Thomasville's indemnification hinges on whether in its contract with the City of Trinity to provide sewer service it assumed liability. However, this contract is not a part of the Record. Thus, we cannot determine at this pleading stage what contractual liability was assumed by City of Thomasville, or whether City of Thomasville waived its governmental immunity with the purchase of applicable liability insurance.

*B*

In the alternative, plaintiffs argue that City of Thomasville's operation of the City of Trinity's sewage system was a proprietary function affording no governmental or sovereign immunity.

In *Pulliam*, the plaintiffs contended that the defendant City of Greensboro's operation of its main sewer line was a proprietary function and that the defendant city was not entitled to governmental immunity. *Pulliam*, 103 N.C. App. at 750, 407 S.E.2d at 568. In 1991, privately owned public utilities provided sewer service to four North Carolina municipalities and eighty-eight privately owned public utilities provided sewer service to non-municipal areas. *Id.* at 753, 407 S.E.2d at 569. In discussing the provision of public enterprises by privately owned public utilities, the *Pulliam* Court reasoned that "it seem[ed] to be an accepted practice in North Carolina for cities and towns to compete with private enterprise by the ownership and operation of these public enterprises recognized by the General Assembly." *Id.* With these considerations in mind, the Court held that the defendant City was not immune from tort liability in the operation of its sewer system. *Id.* at 754, 407 S.E.2d at 570.

Here, City of Thomasville concedes that it "has a contract for the operation and maintenance of the City of Trinity's sewer system . . . ." Though the agreement is not a part of the record, the record provides

sufficient grounds to raise an issue as to whether City of Thomasville was engaged in a proprietary function. However, because we affirm the trial court's ruling that plaintiffs have failed to state a claim for negligence, see *infra*, the last issue we review herein is dispositive of plaintiffs' appeal.

## III

Lastly, plaintiffs argue that the trial court erred in granting defendant City's motion to dismiss for failure to state a claim for which plaintiffs could recover under Rule 12(b)(6). We disagree.

"An appellate court conducts a de novo review when considering a trial court's dismissal of a [claim] under North Carolina Rule of Civil Procedure 12(b)(6)." *State Employees Ass'n of N.C., Inc. v. N.C. Dep't of State Treasurer*, 364 N.C. 205, 210, 695 S.E.2d 91, 95 (2010). " '[T]he standard of review is whether as a matter of law, the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief may be granted under some legal theory.' " *Laster v. Francis*, 199 N.C. App. 572, 575, 681 S.E.2d 858, 861 (2009) (citation omitted).

> Dismissal under Rule 12(b)(6) is proper when one of the following three conditions is satisfied: (1) the complaint on its face reveals that no law supports the plaintiff's claim; (2) the complaint on its face reveals the absence of facts sufficient to make a good claim; or (3) the complaint discloses some fact that necessarily defeats the plaintiff's claim. *Oates v. JAG, Inc.*, 314 N.C. 276, 278, 333 S.E.2d 222, 224 (1985).

*Schlieper v. Johnson*, 195 N.C. App. 257, 261, 672 S.E.2d 548, 551 (2009) (quoting *Wood v. Guilford Cty.*, 355 N.C. 161, 166, 558 S.E.2d 490, 494 (2002)).

> To make out a *prima facie* case of negligence, a plaintiff must show that: (1) the defendant owed the plaintiff a duty of care; (2) the defendant's conduct breached that duty; (3) the breach was the actual and proximate cause of the plaintiff's injury; and (4) damages resulted from the injury.

*Bostic Packaging, Inc.*, 149 N.C. App. at 830, 562 S.E.2d at 79 (citation omitted).

> [A] duty is an obligation, to which the law will give recognition and effect, to conform to a particular standard of conduct toward another. A legal duty is owed whenever one person is by circum-

stances placed in such a position towards another that every one of ordinary sense who did think would at once recognize that if he did not use ordinary care and skill in his own conduct with regard to those circumstances he would cause danger of injury to the person or property of the other.

*Estate of Mullins by Dixon v. Monroe Oil Co.*, 349 N.C. 196, 204, 505 S.E.2d 131, 136-37 (1998) (internal citations, quotations, and brackets omitted).

[A] municipality becomes responsible for maintenance, and liable for injuries resulting from a want of due care in respect to upkeep, of [sewer lines] constructed by third persons when, and only when, they are adopted as a part of its '[sewer] system, or the municipality assumes control and management thereof.

*Geo. A. Hormel & Co. v. City of Winston-Salem*, 263 N.C. 666, 674-75, 140 S.E.2d 362, 368 (1965) (citation omitted). However, "[i]n the absence of any control of the place and of the work there [is] a corresponding absence of any liability incident thereto. That authority [must] precede[] responsibility[] or control [as] a prerequisite of liability, is a well recognized principle of law as well as of ethics." *Wilkerson v. Norfolk S. Ry. Co.*, 151 N.C. App. 332, 343, 566 S.E.2d 104, 111 (2002) (quoting *Mack v. Marshall Field & Co.*, 218 N.C. 697, 700, 12 S.E.2d 235, 237 (1940)).

Here, plaintiffs allege that "Thomasville was involved in the process of construction of the sewage system for the new school being constructed by DeVere in preparation for taking over operation and control of said sewer system . . . ." City of Thomasville's negligence, plaintiffs' assert, was its failure to "communicate with [defendants Terry's Plumbing and Davis, Martin, Powell & Associates, Inc.] and properly establish and maintain a procedure for control over the sewage flowing through the sewer system for the new school . . . ."

Because plaintiffs fail to assert a duty on the part of City of Thomasville in the construction of the sewer system for the new Randolph County school, they have failed to state a claim for relief. Further, plaintiffs allege that City of Thomasville's involvement was only "in preparation for taking over operation and control" of the new sewer system; as such, the complaint reveals an absence of facts establishing City of Thomasville's duty, or conduct constituting a breach of said duty that would proximately cause plaintiffs' damages. *See Schlieper*, 195 N.C. App. at 261, 672 S.E.2d at 551; *Geo. A. Hormel & Co.*, 263 N.C. at 674-75, 140 S.E.2d at 368. Therefore, plaintiff has

failed to make out a prima facie claim of negligence. Accordingly, we affirm the order of the trial court dismissing plaintiffs' claim against defendant City of Thomasville pursuant to Rule 12(b)(6).

Affirmed.

Judges McGEE and BEASLEY concur.